UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOORE<br>*on behalf of S.M., his minor daughter,*<br>      Plaintiff<br><br>      v.<br><br>I-55 TRUCKSTOP RESTAURANT,<br>INC.,<br>      Defendant | No. 24 CV 10385<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendant's motion to dismiss [9] is granted as to Counts VI and VII and denied as to all other counts. The defendant shall file its answer on or before March 18, 2025. The February 25, 2025, status hearing is stricken.

**STATEMENT**

The plaintiff, on behalf of his minor daughter S.M., brings a seven-count complaint against the defendant, I-55 Truckstop Restaurant. (R. 1). S.M. worked for the defendant as a server. (R. 1 ¶ 7.)[1] On September 8, 2023, she alleges that a cook employed by the defendant "pushed [her] against a wall, groped her buttocks in a sexual manner, and attempted to kiss her neck." (*Id.* ¶ 10.) S.M. reported the assault to management at the defendant, and to police. (*Id.* ¶¶ 12–14.) The plaintiff reports that the cook was criminally charged and pled guilty. (*Id.*) However, the defendant is alleged to have retained the cook and discharged S.M. (*Id.* ¶¶ 15–18.) According to the plaintiff, the defendant decided the way to handle the incident was to "stop hiring young girls." (*Id.* ¶¶ 15–18.)

The plaintiff brings Counts I-III under Title VII, 42 U.S.C. § 2000e, *et seq.*, for gender discrimination, hostile work environment, and retaliation, Count IV under the Illinois' Whistleblower Act, 740 ILCS 174, *et seq*, Count V for retaliatory discharge, Count VI for negligent supervision and retention, and Count VII under the Illinois Gender Violence Act, 740 ILCS 82/1, *et seq*. The Court has original jurisdiction over the plaintiff's federal claims under 28 U.S.C. § 1331 and in its discretion pursuant to 28 U.S.C. § 1367, exercises supplemental jurisdiction over the plaintiff's state law

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

claims. The state and federal claims arise from the same series of events, detailed previously, and therefore "share 'a common nucleus of operative facts,'" making supplemental jurisdiction appropriate. *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (quoting *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 500 (7th Cir.1999)).

The defendant moves to dismiss as to all counts under Federal Rule of Civil Procedure 12(b)(6). (R. 9.) A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raises the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re Abbott Labs. Derivative S'holder Litig.*, 325 F.3d 795, 803 (7th Cir. 2003). In matters of Illinois law, the Court "must follow the state's highest court's interpretation of its own state law." *Cozzi Iron & Metal, Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001).

**Title VII (Counts I–III)**

The defendant moves to dismiss the plaintiff's Title VII counts because it does not have enough employees to be a covered employer under Title VII. (R. 9 at 1.) To be subject to Title VII, a company must have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). This requirement is not jurisdictional, but an element of the "plaintiff's claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Therefore, this not a case where the Court can look to evidence outside the pleadings, as is permissible when resolving questions of jurisdiction. *See e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (the Court may look to the complaint along with evidence outside of the pleadings "when considering a motion that launches a factual attack against jurisdiction.")

In support of its argument that it has too few employees to be subject to Title VII, the defendant attaches a declaration by Robin Puthusseril, the owner of I-55 Truck Stop. (R. 9-1 at 1.) Puthusseril states that his company only had fifteen or more employees for 19 weeks during 2023 and 2024. (*Id.*) But as the plaintiff correctly identifies, the Court can only consider this evidence if it converts the present motion into a motion for summary judgment; in the alternative, the Court has discretion to ignore this extraneous evidence. (R. 12 at 2-3 citing *Berthold Types Ltd. v. Adobe Sys. Incorp.*, 242 F.3d 772, 776 (7th Cir. 2001) ("A motion to dismiss must be treated as a motion for summary judgment if the judge considers matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers."). The defendant agrees with the plaintiff about the applicable law and advocates for the Court to convert the instant motion to a summary judgment

2

motion and allow discovery on the question of Title VII liability. (R. 14 at 1–2.) In defendant's view, this is the most efficient route for the Court to determine if it is subject to Title VII, and if not, decline to exercise supplemental jurisdiction over the state law claims. (*Id*.) The Court disagrees. While it is the default for a federal court to relinquish jurisdiction over pendant state law claims if all federal claims are resolved prior to trial, the Court can retain jurisdiction if "refilling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). In short, there are too many currently undetermined factors involved in this case for the Court to conclude that defendant's proposal will result in meaningful time savings. The most efficient route is to conduct discovery and summary judgment briefing on all issues, once. Because the Court declines the invitation to bifurcate the case by converting the defendant's motion to dismiss into a motion for summary judgment, the Court will not look to evidence outside the pleadings. The defendant's motion to dismiss as to the Title VII counts is denied.

**Illinois Whistleblower Act (Count IV)**

The Illinois Whistleblower Act, as it applies here, prohibits employers from "retaliat[ing]] against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 175/15.[2] The plaintiff alleges she was fired for reporting a sexual assault to law enforcement. (R. 1 ¶¶ 50–53.) The defendant argues that there was "no retaliation" because the plaintiff was "directed" to file a police report and scheduled for work after the assault was reported to police. (R. 9 at 2.) At the motion to dismiss stage, the Court must accept the facts as the plaintiff pleads them, and in so doing, concludes that the plaintiff makes out a claim under the Illinois Whistleblower Act.

**Common Law Retaliatory Discharge (Count V)**

The defendant moves to dismiss Count V, for common law retaliatory discharge, arguing that such a claim is barred the by the Illinois Supreme Court's interpretation of the Illinois Worker's Compensation Act ("IWCA") and its interpretation in *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1226 (Ill. 1990). (R. 9 at 2–3.) But neither *Meerbrey* nor the IWCA bear on a claim for common law retaliatory discharge. The IWCA covers and preempts civil suits for accidental workplace injuries, usually physical injuries. *See* 820 ILCS 305/8 (listing compensation for "nonfatal cases"

---

[2] The Illinois Whistleblower Act, including the language quoted here, was rewritten effective January 1, 2025. IL LEGIS 103-867 (2024), 2024 Ill. Legis. Serv. P.A. 103-867 (H.B. 5561) (WEST). The new language applies to "claims arising or complaints filed on or after January 1, 2025," and therefore is not relevant to this case. *Id*. at § 90.

3

including, *inter alia*, loss of limbs). *Meerbrey* concerned the definition of "accidental" under the IWCA. 564 N.E.2d at 1226. The retaliatory discharge claim of Count V is a different kind of tort altogether, *i.e.*, one not compensable under the IWCA.

A claim for retaliatory discharge has three elements: (1) the employer discharged the employee, (2) the discharge was in retaliation for the employee's activities, and (3) the discharge violates a clear mandate of public policy. *Michael v. Precision All. Grp., LLC*, 21 N.E.3d 1183, 1188 (Ill. 2014). Here, the plaintiff pleads that she was fired, in retaliation for reporting a sexual assault to the police. (R. 1 at ¶¶ 56–57.) This satisfies the first two elements. *Michael,* 21 N.E. 1188. The Illinois Supreme Court has recognized a discharge for reporting crimes satisfies the third element. *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 878–79 (Ill. 1981). (even when the crime was unspecified, and "might be nothing more than the theft of a $2 screwdriver" the employer could not take the law "its own hands by retaliating against its employees who cooperate in enforcing the law.") Accordingly, the plaintiff makes out a claim for retaliatory discharge and the Court will deny the defendant's motion to dismiss as to Count V.

**Negligent Supervision and Retention (Count VI)**

The defendant moves to dismiss Count VI on similar grounds as to Count IV. Here, it is on firmer ground. The plaintiff's claim against her employer for an assault committed by a co-worker, is not viable under Illinois law as pled. The IWCA bars the plaintiff from bringing a common law tort against her employer unless: "(1) [ ] the injury was not accidental; (2) [ ] the injury did not arise from his or her employment; (3) [ ] the injury was not received during the course of employment; or (4) [ ] the injury was not compensable under the Act." *Meerbrey*, 564 N.E.2d at 1226. "Injuries inflicted intentionally upon an employee by a co-employee are 'accidental' within the meaning of the Act, since such injuries are unexpected and unforeseeable from the injured employee's point of view." *Id*. Therefore, the plaintiff cannot bring a common law tort against her employer for her assault by a coworker, because such injuries are "accidental" within the meaning of the IWCA, according to the dictates of the Illinois Supreme Court. *See Cozzi Iron & Metal, Inc.*, 250 F.3d at 576. The defendant's motion is granted as to Count VI.

**Illinois Gender Violence Act (Count VII)**

The plaintiff concedes that Count VII must be dismissed because the date of the alleged assault—September 8, 2023—is before the Gender Violence Act became applicable against corporations on January 1, 2024. (R. 12 at 6.) Accordingly, this count is dismissed.

Date: February 24, 2025

_____
JEREMY C. DANIEL
United States District Judge